UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA GAAL, et al.,<br><br>   Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., et al.,<br><br>   Defendant. | Case No. CV-11-02119-GHK(SSx)<br><br>[Discovery Document: Referred to Magistrate Judge Suzanna H. Segal]<br><br>**[~~PROPOSED~~] ORDER ON JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Complaint Served:   April 7, 2011<br>First Amended<br>   Complaint Served:   May 6, 2011 |

The Court having reviewed Plaintiffs Irina Gaal, Karl Gaal, and Richard Kelly (collectively "Plaintiffs") and Defendant Toyota Motor Sales, U.S.A., Inc.'s ("Toyota") (Toyota and Plaintiffs hereafter collectively referred to as the "Parties") Joint Stipulation for Entry of Protective Order in the above-titled action (the "Action"), and good cause appearing, IT IS HEREBY ORDERED as follows:

1.   This Protective Order shall govern all documents, discovery materials, or any designated record of information produced in this Action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including without limitation,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23266143.1

[PROPOSED] ORDER ON JOINT STIPULATION
FOR ENTRY OF PROTECTIVE ORDER

2. emails produced by Toyota, computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery) produced within the context of the prosecution or defense of this Action.

3. Any party hereto may designate information as "CONFIDENTIAL," pursuant to the terms of this Protective Order, if that party in good faith believes that such information constitutes, contains or reflects: proprietary or commercially sensitive information relating to Toyota's products, technology, engineering, selling and marketing practices, policies and procedures, programs and agreements, financial information and private information regarding Toyota's current and former customers. All information, including without limitation all copies, excerpts, analyses, reports, notes or summaries based upon or derived from any information that has been designated as CONFIDENTIAL, shall be considered to be CONFIDENTIAL.

4. CONFIDENTIAL information or items shall mean any information that the designating party in good faith believes is properly protected under Fed. R. Civ. P. 26(c) and which is properly designated as "Confidential" according to the procedures set forth in Paragraph 5 of this Protective Order, including but not limited to, information and documents regarding Toyota's products, technology, engineering, selling and marketing practices, policies and procedures, programs and agreements, financial information and private information regarding Toyota's current and former customers.

5. Documents and information designated as CONFIDENTIAL shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or

1  summaries; (c) portions of briefs, memoranda, or any other writing filed with the
2  Court and exhibits that contain or reflect the content of any such documents, copies,
3  extracts, or summaries, and (d) deposition testimony.
4       6.   After the date of this Protective Order, to designate any information or
5  DOCUMENTS as CONFIDENTIAL, such that the information or DOCUMENT is
6  protected under this Protective Order, either party shall:
7            (a)   In the case of DOCUMENTS, mark such DOCUMENT, or
8  portions of such DOCUMENT, "CONFIDENTIAL" at or prior to the time it is
9  produced or otherwise made available by one party hereto to the other party hereto,
10  or as soon as is practicable thereafter.
11           (b)   In the case of responses to particular interrogatories, requests for
12  admissions or requests for production of documents made after the date of this
13  Protective Order, any CONFIDENTIAL material in such responses shall be set
14  forth in a separate document containing a statement to the effect that "THIS
15  RESPONSE CONTAINS CONFIDENTIAL MATERIAL," and the legend
16  "CONFIDENTIAL, SUBJECT TO COURT ORDER," shall be placed on each
17  page of any such set of responses.  CONFIDENTIAL portions of such responses
18  made in litigation commenced prior to the commencement of the Action or prior to
19  the date of this Protective Order may be designated as CONFIDENTIAL
20  DOCUMENTS pursuant to Paragraph 5.
21       7.   All information, including without limitation all DOCUMENTS,
22  designated as CONFIDENTIAL shall be used solely for the prosecution or defense
23  of this Action, or any subsequent court or appellate proceedings in relation thereto,
24  and not be disclosed in any manner to anyone other than the following:
25           (a)   counsel (including in-house counsel) who are actively engaged
26  in the prosecution or defense of this Action; the employees or agents of such
27  counsel assisting in the conduct of this Action; the parties to the Action; and, where
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23266143.1

3        [PROPOSED] ORDER ON JOINT STIPULATION
         FOR ENTRY OF PROTECTIVE ORDER

necessary for the prosecution or defense of this Action, partners, employees, or agents of Parties to the Action;

   (b)   bona fide experts assisting counsel in the prosecution or defense of this Action, whether categorized as "testifying" or "consulting," subject to Paragraph 9 of this Order;

   (c)   witnesses and their counsel in this Action where deemed necessary by counsel to assist in the prosecution or defense of this Action;

   (d)   the Court;

   (e)   court reporters, court personnel, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel; and

   (f)   other persons only in accordance with Paragraph 10 of this Order.

   8.   Each person to whom information designated as CONFIDENTIAL is disclosed, and who are signatories to the Protective Order or have executed a Certificate of Compliance with Protective Order (Exhibit A), shall be bound by the terms of this Order.

   9.   Prior to disclosure of any information designated as CONFIDENTIAL under this Protective Order, each person to whom such information is to be disclosed (excluding the Court, court personnel, counsel of record and legal assistants, in-house counsel, or other law firm or law department employees working under their supervision in the prosecution or defense of this Action), shall agree to be bound by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceeding relating to enforcement of this Protective Order by executing the form attached hereto as Exhibit "A."  Counsel

1   shall maintain all such executed forms on file throughout the pendency of this
2   Action.

3       10.   In the event that counsel for either party determines that the
4   prosecution or defense of this Action requires that any CONFIDENTIAL
5   DOCUMENTS or information be disclosed to bona fide experts, who are employed
6   by an automobile manufacturer, assisting counsel in the prosecution or defense of
7   this Action, whether categorized as "testifying" or "consulting," such counsel shall
8   provide counsel for the party that produced or otherwise made available such
9   information written notice of the intended disclosure (which notice shall specify the
10  identity of the expert, including name, title and employer, and provide the expert's
11  current curriculum vitae) not less than ten (10) calendar days prior to disclosure, or
12  such shorter period as is agreeable to the party that produced such material.  If
13  within four (4) calendar days of receipt of such notice, counsel for the party that
14  produced or otherwise made available such information objects in writing via
15  facsimile or e-mail to such disclosure to the counsel giving notice, the information
16  shall not be disclosed unless the Court so orders.  The party seeking disclosure of
17  the CONFIDENTIAL DOCUMENTS must seek the necessary relief from the
18  Court.

19      11.   In the event that counsel for either party determines that the
20  prosecution or defense of this Action requires that any CONFIDENTIAL
21  DOCUMENTS or information be disclosed to persons not otherwise authorized
22  herein, such counsel shall provide counsel for the party that produced or otherwise
23  made available such information written notice of the intended disclosure (which
24  notice shall specify with particularity the information to be disclosed and the
25  identity, including name, title and employer, of the otherwise unauthorized person)
26  not less than ten (10) calendar days prior to disclosure, or such shorter period as is
27  agreeable to the party that produced such material.  If within four (4) calendar days

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23266143.1

5    [PROPOSED] ORDER ON JOINT STIPULATION
     FOR ENTRY OF PROTECTIVE ORDER

1  of receipt of such notice, counsel for the party that produced or otherwise made
2  available such information objects in writing via facsimile or e-mail to such
3  disclosure to the counsel giving notice, the information shall not be disclosed unless
4  the Court so orders.  The party seeking disclosure of the CONFIDENTIAL
5  DOCUMENTS must seek the necessary relief from the Court.

6  　　　　12.　Each person to whom any information subject to this Protective Order
7  is disclosed, and who is a signatory to the Stipulation for Protective Order or who
8  has executed a Certificate of Compliance with Protective Order, is hereby
9  prohibited from divulging such materials or any information contained therein or
10 from exploiting in any way such material or information for his or her own
11 economic benefit or business purposes.

12 　　　　13.　If, for any reason, any CONFIDENTIAL DOCUMENTS are to be
13 filed with the Court, such documents shall be filed in accordance with Central
14 District of California Civil Local Rules 79-5.1 through 79-5.4.  The party filing or
15 lodging any pleading or paper which contains any information or document subject
16 to this Protective Order shall comply with Central District of California Civil Local
17 Rule 79-5 *et seq.*  At the conclusion of this case, any materials filed with the Court
18 under seal shall be kept under seal or be returned to the party filing it for disposition
19 as provided for in Paragraph 15.

20 　　　　14.　If any party wishes to challenge the designation of any information,
21 DOCUMENT or discovery response, designated as CONFIDENTIAL, it shall
22 meet and confer with the designating party to resolve the dispute pursuant to the
23 Central District's Local Rule 37.  If the parties are unable to resolve the dispute, the
24 parties shall file a written joint stipulation containing all issues in dispute, which
25 will be prepared in conformity with Local Rules 37-2.1 and 37-2.2.  The moving
26 party may then move the Court for a determination as to whether the DOCUMENT
27 or other information in question warrants protection as a CONFIDENTIAL matter.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23266143.1

6　　　[PROPOSED] ORDER ON JOINT STIPULATION
　　　　FOR ENTRY OF PROTECTIVE ORDER

The moving party's stipulation or declaration describing how the opposing party failed to cooperate in formulating the stipulation must be timely filed pursuant to Local Rules 37-2.4.  Nothing in this Protective Order affects or alters the burden on the designating party to establish the propriety of confidential treatment for any information or DOCUMENT designated as CONFIDENTIAL.

15.   This Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of his/its own information including, without limitation, its DOCUMENTS.

16.   Within sixty (60) days after final disposition of this Action, the parties and all signatories to a Certificate of Compliance with Protective Order shall destroy or return to the person producing the material all DOCUMENTS designated as CONFIDENTIAL, and all copies thereof, including excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda), except for such material which has become part of the record in the Action.  The Court will retain jurisdiction to enforce compliance with this provision.

17.   The inadvertent or unintentional disclosure of DOCUMENTS containing CONFIDENTIAL information, regardless of whether the DOCUMENTS or information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed therein or as to any other information thereto or on the same or related subject matter.

18.   Nothing contained herein shall be constructed as limiting or negating the right of any party hereto to bring a motion to compel discovery, for a protective order, or, upon a showing of good cause, to modify the provisions of this Protective Order.

19.   In the event a party is served with a validly issued subpoena from a third party requesting disclosure of CONFIDENTIAL information or material, that

1  party shall immediately notify the party that designated such material as
2  CONFIDENTIAL, and prior to disclosure of any CONFIDENTIAL information or
3  DOCUMENTS, shall allow the designating party sufficient time to object to or
4  move to quash the subpoena.
5      **IT IS SO ORDERED**.

7  Dated: June 25, 2012 _____                    /S/
                                                Suzanne H. Segal, United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23266143.1

8     [PROPOSED] ORDER ON JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, hereby certify that I have read and am fully familiar with the provisions of the Stipulation for Protective Order approved by The Honorable George H. King, District Judge, in the action entitled *Irina Gaal v. Toyota Motor Sales, U.S.A., Inc. et al.* Unites States District Court, Case No. CV-11-02119-GHK(SSx) (the "Action"), hereinafter referred to as the "Protective Order."

I have received and/or will receive documents or other material designated as "CONFIDENTIAL" in the Action.  As a condition precedent to my receipt of such materials, I acknowledge that: (1) I have read and understood the Protective Order; (2) I will be bound by all the terms of the Protective Order; (3) I will maintain in strict confidence all of the confidential documents and information I receive in this Action; and (4) I will not disclose any confidential documents or other information I receive in this Action to anyone other than in accordance with the terms of this Protective Order.

At the conclusion of this litigation, I will return all documents or materials containing confidential information, copies thereof and all notes and/or summaries that I have prepared relating thereto, to counsel from whom I received the information.

I also understand that any violation of this Protective Order is potentially punishable as a contempt of court.  And, I understand that any violation of this Protective Order can result in the imposition of monetary damages against me.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for any proceeding relating to the enforcement of this Protective Order and waive any and all objections to jurisdiction and venue.

Date: _____

_____
[Signature]

_____
Employer